UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAPITUS SERVICING, INC          CIVIL ACTION NO. 22-cv-1316

VERSUS          JUDGE TERRY A. DOUGHTY

MAC CONTRACTING GROUP, INC, ET AL          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

    Kapitus Servicing, Inc., as agent of Invision Funding, LLC, filed this civil action against several defendants based on an assertion of diversity jurisdiction. The burden is on Kapitus to set forth specific facts that demonstrate a basis for subject matter jurisdiction, which requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Kapitus is directed to file an amended complaint by **June 3, 2022** to more precisely allege that citizenship of some of the parties.

    Kaptius alleges in paragraph one that it is a Virginia corporation with a "primary place of business in Virginia." Kapitus alleges in paragraph two that the sole member of Invision Funding, LLC is Strategic Funding Source, Inc. Strategic Funding is alleged to be a New York corporation with its "primary place of business" in New York.

    A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its *principal place of business*. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). "Where the

plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).  The Fifth Circuit requires strict adherence to these straightforward rules.  Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The allegations about Kapitus and Strategic Funding needs clarification to specify not only their states of incorporation but their principal places of business under the Hertz test.  Perhaps that it what was intended by the references to primary places of business, but the statute uses a different term, and jurisdiction can be ensured only if citizenship is alleged based on the statutory language.

Paragraph six of the complaint alleges that MAC Contracting Group, Inc. is a company organized in Louisiana with a "principal office" in Louisiana.  The description of this defendant needs clarification to include the specific allegation that it is a corporation (if that is the case) and the state in which it is incorporated and the state in which it has its principal place of business as defined by Hertz.

The complaint also names as defendants several individuals, and it lists those same individuals as members of various LLCs.  The complaint describes the persons as "residing" as particular addresses in Louisiana and then concludes that the persons are thus citizens of Louisiana.  But it is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"  Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742

F.2d 888, 889 (5th Cir. 1984).  A person may reside in multiple states simultaneously, but he has only one domicile at a time, and it is that domicile that determines his citizenship for purposes of diversity jurisdiction.  Kapitus will need to allege with specificity the state in which each individual is domiciled and, thus, a citizen for diversity purposes.

The complaint alleges "upon information and belief" the membership of several LLC defendants.  The court understands that Kapitus may not have complete citizenship information about these entities, but it will need to determine the membership of the LLCs, as of the time the complaint was filed, with certainty and place those facts upon the record to ensure subject matter jurisdiction.  This may require discovery or other exploration, but Kapitus should ensure that this task is accomplished promptly and that citizenship is eventually alleged with more certainty in a record document.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2022.

Mark L. Hornsby
U.S. Magistrate Judge